## THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| CAMILLE RYAN, | ) | **COMPLAINT** |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.: 4:21-cv-1324 |
| | ) | |
| UNITED RECOVERY AND | ) | |
| REMARKETING, LLC | ) | |
| | ) | |
| & | ) | |
| | ) | |
| EMVLP II, LLC | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff Camille Ryan, by and through the undersigned counsel, and for her Complaint against Defendants, United Recovery and Remarketing, LLC. ("URR") and EMVLP II, LLC ("EMV" and together with URR, "Defendants") for violations under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), Missouri Merchandising Practices Act, ("MMPA"), Mo. Rev. Stat, Section 407.010, Mo. Rev. Stat. 408.554, and UCC Article 9 section 400.9-625.(a), states as follows:

## JURISDICTION AND VENUE

1.       This court has jurisdiction of the federal claim under 15 U.S.C. § 1692k(d).

2.       Venue is proper because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

3.       Under 28 U.S. Code § 1391(b)(2) a civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

4.       Under 28 U.S. Code § 1391(d) when a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside

1

in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate state.

5.      Plaintiff resides in the city of Eureka, a part of St. Louis County, Missouri, 63025.

6.      The acts that occurred giving rise to this complaint occurred while Plaintiff was in the city of Eureka, a part of St. Louis County, Missouri 63025 making this a proper venue under 28 U.S. Code § 1391(b)(2).

7.      Defendant URR, a Delaware corporation headquartered in Collierville, Tennessee practices as a debt collector throughout the country, including Missouri, by way of attempting to collect payment through collateral for debts allegedly owed to entities other than URR.

8.      Defendant URR attempts to collect alleged debts throughout the state of Missouri, including in Eureka city and St. Louis County.

9.      Defendant URR has actual knowledge of where Plaintiff resided, and by attempting to collect from Plaintiff, purposefully availed itself to the jurisdiction in which Plaintiff resided.

10.     Defendant URR has sufficient minimum contacts with this venue as the alleged injuries caused to Plaintiff were caused while Plaintiff was in Eureka city and St. Louis County and Defendant attempts to collect alleged debts throughout the state of Missouri.

11.      As Defendant URR knowingly attempted to collect on a debt allegedly incurred in St. Louis, Missouri, it thus has sufficient minimum contacts with this venue, making venue additionally proper under 28 U.S. Code § 1391(b)(1).

12.     Defendant EMV, a Delaware corporation headquartered in Bloomington, Illinois practices as a loan servicer throughout the country, including Missouri on loans made with State Farm General Insurance Company and maintains a security interest in the property purchased through the loan.

13.     Defendant EMV services loans throughout the state of Missouri, including in Eureka city and St. Louis County.

14.     Defendant EMV has actual knowledge of where Plaintiff resided, and by attempting to collect from Plaintiff, purposefully availed itself to the jurisdiction in which Plaintiff resided.

15.     Defendant EMV has sufficient minimum contacts with this venue as the alleged injuries caused to Plaintiff were caused while Plaintiff was in Eureka city and St. Louis County and Defendant engaged in servicing a loan entered into in the state of Missouri.

16.      As Defendants knowingly attempted to collect on a debt and service a loan contract based in St. Louis, Missouri, they thus have sufficient minimum contacts with this venue, making venue additionally proper under 28 U.S. Code § 1391(b)(1).

## STANDING

17.     Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any misrepresentations and false threats.

18.     URR's collection activities violated the FDCPA.

19.     Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1544 (2016), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); Bellwood v. Dwivedi, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

20.     "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" Lane v. Bayview Loan Servicing, LLC, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016)(quoting 15

U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. See id. at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); see also Church v. Accretive Health, Inc., No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

21.     "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is not a necessary condition." Lane, 2016 WL 3671467 at *4.

## PARTIES

22.     Plaintiff, Camille Ryan (hereafter "Plaintiff"), is a natural person currently residing in the state of Missouri.

23.     Plaintiff is a "consumer" within the meaning of the FDCPA, 15 U.S.C. § 1692a(3).

24.     Defendant URR is a Delaware company engaged in the business of collecting debts, using mails and telephone, in this state with its principal address at 311 Moore Lane, Collierville, Tennessee 38017.

25.     URR is engaged in the business of a collection agency, mainly utilizing repossessions in an attempt to collect consumer debts originally owed to others.

26.     URR regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

27.     Defendant EMV is a Delaware company engaged in the business of servicing loans on behalf of State Farm General Insurance Company in this state with its principal address at One State Farm Plaza, E10, Bloomington, Illinois 61710.

28.     Defendant EMV is a corporation wholly owned and controlled by State Farm General Insurance Company and operates as the loan owner and servicer for loan contracts consumers enter into with State Farm General Insurance Company.

## FACTUAL ALLEGATIONS

29.     Plaintiff is a natural person allegedly obligated to pay a debt asserted to be originally owed to State Farm Bank.

30.     Plaintiff entered into a consumer loan for her 2015 Buick Encore with State Farm Bank.

31.     Plaintiff made her payments timely via the auto pay function each month starting in 2016.

32.     Thereafter, on a date better known by EMV, State Farm Bank transferred the loan to EMV, a wholly owned subsidiary of State Farm, and EMV became the loan owner and servicer.

33.     Upon the transfer of the loan from State Farm to EMV, Plaintiff was required to fill out a new auto payment form in order to continue with the automated monthly payments.

34.     Plaintiff filled out the form and submitted it.

35.     Unbeknownst to Plaintiff, EMV failed to take out the automated payments each month.

36.     Upon information and belief, and on a date better known by Defendants, EMV then contacted Defendant URR to repossess the vehicle.

37.     URR then began to attempt to collect the alleged consumer debt from the Plaintiff in the form of a repossession.

38.     As the alleged debt was for a personal vehicle, it therefore would only have been used for personal or family purposes.

39. The alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

40. On or about October 15, 2021, Defendant URR illegally repossessed the Plaintiff's vehicle from the Plaintiff's private driveway, without obtaining consent from the Plaintiff prior to entering upon Plaintiff's private property at 788 Forby Road, Eureka, Missouri 63025.

41. Defendant URR then took the vehicle from the property located at 788 Forby Road, Eureka, Missouri 63025.

42. At no point in time did Plaintiff receive notice of default and right to cure.

43. Plaintiff thus was not given any time at all to cure the alleged default.

44. Defendants, pursuant to Mo. Rev. Stat. Section 498.555, must provide Plaintiff with a written notice that conspicuously states, among other things, the name, address and telephone number of the lender to whom payment is to be made, the borrower's right to cure the default, and the amount of payment and date by which payment must be made to cure the default.

45. Without this notice, there is no present right to possession for EMV or those working on its behalf, including URR, pursuant to Mo. Rev. Stat. Section 498.555.

46. Without a present right to possession, a repossession is illegal.

47. As neither URR nor EMV provided Plaintiff with this notice as required by statute, an attempt to repossess the vehicle is unconscionable.

48. After suffering through the trauma of having her vehicle repossessed, Plaintiff inquired with State Farm and EMV, only to be told that an unanswered phone call was the only attempt at notifying Plaintiff of the impending repossession.

49. Upon information and belief, Defendant EMV exercised control over Defendant URR's conduct and attempts to collect the alleged debt. See Pollice v. National Tax Funding, L.P., 225 F.3d 379, 404 (3d Cir. 2000); Okyere v. Palisades Collection, LLC, 961 F. Supp. 2d 508 (S.D.N.Y.

2013); See also, e.g., Plummer, 66 F. Supp. 3d at 493; Fritz v. Resurgent Cap. Servs., LP, 955 F. Supp. 2d 163, 177 (S.D.N.Y. 2013).[6]; Clark v. Capital Credit & Collection Services, Inc., 460 F.3d 1162, 1173 (9th Cir. 2006); Bodur v. Palisades Collection, LLC, 829 F. Supp. 2d 246, 259 (S.D.N.Y. 2011). See also, e.g., Nichols v. Niagara Credit Recovery, Inc., No. 12-cv-1068, 2013 WL 1899947, at *5 (N.D.N.Y. May 7, 2013); Sanchez v. Abderrahman, No. 10 Civ. 3641, 2013 WL 8170157, at *6 (E.D.N.Y. July 24, 2013).

50.     Defendant EMV is vicariously liable for Defendant URR's actions as they had agency over determining the amount of the alleged debt that the debt collector, Defendant URR, was allowed to attempt to collect on their behalf.

51.     Defendant URR would not have attempted to collect the alleged debt on behalf of EMV if Defendant EMV had not in fact given them approval or agency to act on their behalf to collect in a manner EMV had knowingly approved or permitted.

52.     Upon information and belief, Defendant EMV gave Defendant URR the green light, and thus agency, to attempt to collect the alleged debt in the manner in which URR did.

53.     All of Defendants' actions under the FDCPA complained of herein occurred within one year of the date of this Complaint.

54.     Plaintiff suffered injury-in-fact by being subjected to inaccurate, unfair, and abusive practices of the Defendants.

55.     Plaintiff has suffered actual harm due to the added interest and fees to redeem the vehicle, the towing costs and fees required to gain access to her vehicle, damage done to her vehicle by the Defendants, stress, anxiety, extreme embarrassment caused by the public and illegal collection activities, loss of time, fear, and attorney's fees.

56.     Plaintiff would have pursued a different course of action had Defendants not violated both the FDCPA and Missouri statutes.

57.     Plaintiff's injury-in-fact is fairly traceable to the challenged representations of Defendants.

58.     Plaintiff's injury-in-fact is likely to be redressed by a favorable decision in this Court.

### COUNT I: Violations Of § 1692f Of The FDCPA –
### Misleading Representations & Unfair Practices

59.     Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

60.     Section 1692f prohibits the use of unfair and unconscionable means to collect a debt.

61.     Defendants attempted to collect a debt by distributing false information that would negatively impact Plaintiff's rights as a consumer, as well as that would harm Plaintiff's financial health.

62.     Defendants used unfair and unconscionable means to attempt to collect the alleged debt.

63.     Section 1692(f)(6) of the FDCPA specifically prohibits debt collectors from taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if there is no present right to possession of the property claimed as collateral through an enforceable security interest or the property is exempt by law from such dispossession or disablement.

64.     Defendants had no right to seize Plaintiff's vehicle but did so anyway.

65.     Further, at the time of the repossession, Plaintiff's vehicle was parked on her private property by way of her driveway.

66.     To seize Plaintiff's vehicle, Defendants must have trespassed on Plaintiff's private property without first seeking consent, and therefore trespassed.

67.     Defendants clearly violated § 1692f(6) when it took Plaintiff's car without having a present right to possession of the vehicle.

68.     Defendants' violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Camille Ryan, prays that this Court:

      A.     Declare that Defendants' debt collection actions violate the FDCPA;

      B.     Enter judgment in favor of Plaintiff Camille Ryan, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

      C.     Grant other such further relief as deemed just and proper.

## COUNT II: Violations of Mo. Rev. Stat. Section 407.010 et. seq

69.     Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

70.     Defendants' actions have violated the Mo. Rev. Stat. Section 407.010, the Missouri Merchandising Practices Act, ("MMPA").

71.     The MMPA states:

> "The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce. . . in or from the State of Missouri, is declared to be an unlawful practice."

72.     An unfair practice under the MMPA includes a practice that offends public policy as established by the Constitution, statutes or common law of this state; or is unethical or unscrupulous and presents a risk of substantial injury to the consumer.

73.     Plaintiff financed a vehicle with State Farm Bank, who then transferred its interest to its wholly owned subsidiary, EMV.

74.     This vehicle was used for personal and family purposes.

75.     Defendants' illegal actions caused an ascertainable loss of money and property to Plaintiff due to these illegal actions.

76.     Defendants' failure to provide a right to cure letter violates public policy as established by the statues of Missouri, specifically Mo. Rev. Stat. 408.554 and 408.555, as well as those in common law.

77.     Defendants' violation of the MMPA render them liable for Plaintiff's actual damages, in addition to attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Camille Ryan, prays that this Court:

A.     Declare that Defendants' debt collection actions violate the MMPA;

B.     Enter judgment in favor of Plaintiff Camille Ryan, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by the MMPA; and

C.     Grant other such further relief as deemed just and proper.

## COUNT III - Conversion

78.     Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

79.     Plaintiff was entitled to sole possession of the vehicle pursuant to her loan agreement with State Farm Bank and subsequently EVM.

80.     Defendants had no right to take possession of the vehicle until they fully complied with all requirements set forth by Missouri law.

81.     Defendants repossessed the vehicle without first providing notice of default or notice of the right to cure to Plaintiff, as required by Mo. Rev. Stat Section 408.

82.     Defendants thus unlawfully deprived Plaintiff of her right to possession, ownership, and control of the vehicle.

83.     Defendants did not have Plaintiff's authorization or permission to repossess the

vehicle.

84.     Defendants' actions were willful, wanton and malicious, and were done withevil motive or reckless indifference to the rights of Plaintiff.

85.     As a direct and proximate result of Defendants' conversion of the vehicle, Plaintiff was damaged.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Camille Ryan, prays that this Court:

A.     Declare that Defendants' debt collection actions violate the common law principles of conversion;

B.     Enter judgment in favor of Plaintiff Camille Ryan, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees; and

C.     Grant other such further relief as deemed just and proper.

### COUNT IV-Violations of Mo. Rev. Stat. Section 408.555

86.     Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

87.     Pursuant to Mo. Rev. Stat. § 408.555, Defendants were prohibited from taking possession of the vehicle until 20 days after providing Plaintiff with notice of her right to cure.

88.     Defendants never sent Plaintiff a notice of default or notice of right tocure.

89.     Defendants violated Mo. Rev. Stat. §408.555.1 when they repossessed the vehicle without first providing notice of default and/or notice of right to cure to Plaintiff.

90.     As a direct and proximate result of Defendants' violation of Mo. Rev. Stat. § 408.555.1, Plaintiff was damaged.

91.     Pursuant to Mo. Rev. Stat. § 408.562, Plaintiff may recover actual and punitive damages, aswell as reasonable attorney's fees and equitable relief the court deems necessary and

proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Camille Ryan, prays that this Court:

    A.     Declare that Defendants' actions violate Mo. Rev. Stat. § 408.555;

    B.     Enter judgment in favor of Plaintiff Camille Ryan, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees;

    C.     Enter judgment in favor of Plaintiff Camille Ryan, and against Defendants, for punitive damages in an amount that will fairly and reasonably punish Defendants for their conduct and deter others; and

    D.     Grant other such further relief as deemed just and proper.

## **COUNT V – Violation of Article 9**

92.     Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

93.     Pursuant to section 400.9-625 (a) this court has the power to order or restrain collection, enforcement, or disposition of collateral by Defendants.

94.     Pursuant to section 400.9-625(b) Defendants are liable for damages in the amount of any loss caused by a failure to comply with Article 9 of the Missouri Uniform Commercial Code.

95.     Pursuant to section 400.9-625(c)(2) Plaintiff is entitled to an amount not less than the credit service charge plus ten percent of the principal amount of the obligation or the time price differential plus ten percent of the cash price.

96.     Defendants' failure to comply with section 400.9-616(b)(l) is part of a pattern, or consistent with a practice of non-compliance, and thus is liable to Plaintiff for statutory damages

in the amount of $500.

97.     Defendants failed to comply with section 400.9-616(b)(2), and thus are liable to Plaintiff for statutory damages in the amount of $500.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Camille Ryan, prays that this Court:

A.     Declare that Defendants' actions violate section 400.9-625.

B.     Enter judgment in favor of Plaintiff Camille Ryan, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees;

C.     Grant other such further relief as deemed just and proper.

## JURY DEMAND

98.     Plaintiff hereby demand a jury trial on all counts so triable.

Dated: November 5, 2021

Respectfully Submitted,

**HALVORSEN KLOTE**

By:     /s/ Samantha J. Orlowski
        Samantha J. Orlowski, #72058
        Joel S. Halvorsen, #67032
        680 Craig Road, Suite 104
        St. Louis, Missouri 63141
        P: (314) 451-1314
        F: (314) 787-4323
        sam@hklawstl.com
        joel@hklawstl.com