UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CAMILLE RYAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:21-CV-01324 JAR |
| ) | |
| UNITED RECOVERY AND ) | |
| REMARKETING, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant United Recovery and Remarketing, LLC ("URR")'s Motion to Strike Plaintiff's Prayer for Punitive Damages. (Doc. No. 15). Plaintiff filed a memorandum in opposition to Defendant's motion. (Doc. No. 21). No reply was filed and the time for doing so has passed. The motion is therefore fully briefed and ready for disposition. For the following reasons, the motion will be denied.

**Background**

Plaintiff brings this action against Defendants URR and EMVLP II, LLC for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") (Count I); the Missouri Merchandising Practices Act, ("MMPA"), Mo. Rev. Stat., Section 407.010 et seq. (Count II); Conversion (Count III); Mo. Rev. Stat. 408.555 (Count IV); and UCC Article 9 section 400.9-625(a) (Count V). Plaintiff alleges Defendants illegally repossessed her vehicle without giving her notice of default and right to cure.

**Legal standard**

Under Federal Rule of Civil Procedure 12(f), a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R.

Civ. P. 12(f). District courts enjoy broad "discretion" in deciding motions to strike, however, they are not favored and are infrequently granted, because they amount to a drastic remedy. Hogan v. Wal-Mart Stores E., LP, No. 4:21-CV-78 RLW, 2021 WL 3363149, at *3 (E.D. Mo. Aug. 3, 2021) (citations omitted).

**Discussion**

Count IV of Plaintiff's complaint includes a request for punitive damages. Count IV is brought under R.S. Mo. § 408.555, which prohibited Defendants from taking possession of her vehicle until 20 days after providing her with notice of her right to cure. (Compl., Doc. No. 1 at ¶ 87). Plaintiff alleges that under R.S. Mo. § 408.562, she may recover actual and punitive damages resulting from Defendants' violation of § 408.555.[1] (Id. at ¶ 91). Defendant moves to strike Plaintiff's prayer for punitive damages from her complaint pursuant to R.S. Mo. § 510.261(5), which provides that "[n]o initial pleading in a civil action shall contain a claim for a punitive damage award. Any later pleading containing a claim for a punitive damage award may be filed only with leave of the court."

In her opposition, Plaintiff argues that Federal Rule of Civil Procedure 8, which governs the requirements for pleadings in federal court, does not bar claims for punitive damages from being pled in a complaint and that conflicts between the federal rule and state law must be resolved in favor of the federal law. Plaintiff further argues URR does not contend her

---

[1] § 408.562 provides:

In addition to any other civil remedies or penalties provided for by law, any person who suffers any loss of money or property as a result of any act, method or practice in violation of the provisions of sections 408.100 to 408.561 may bring an action in the circuit court of the county in which any of the defendants reside, in which the plaintiff resides, or in which the transaction complained of occurred to recover actual damages. **The court may, in its discretion, award punitive damages** and may award to the prevailing party in such action attorney's fees, based on the amount of time reasonably expended, and may provide such equitable relief as it deems necessary and proper. (Emphasis added).

allegations related to punitive damages are redundant, immaterial, impertinent, or scandalous, which are the bases of a Rule 12(f) motion.

The Eighth Circuit does not appear to have addressed the question whether R.S. Mo. § 510.261 applies in federal court proceedings. However, district courts that have had occasion to decide the issue have consistently held that it does not. See Gaydos v. Gully Transportation, Inc., No. 4:21-CV-388-SPM, 2021 WL 4963523, at *2-3 (Oct. 26, 2021); Bartek v. Lawrence, No. 4:21-CV-01070-JAR, 2021 WL 4523075, at *1 (E.D. Mo. Oct. 1, 2021); Anderson v. R.J. Reynolds Tobacco Co., No. 4:20-CV-01610-MTS, 2021 WL 3525165, at *7 (E.D. Mo. Aug. 11, 2021); Rardon v. Falcon Safety Prod., Inc., No. 20-6165-CV-SJ-BP, 2021 WL 2008923, at *13 (W.D. Mo. May 4, 2021); Kilburn v. Autosport Acquisitions, LLC, No. 1:20-cv-211-ACL, 2021 WL 307550, at *1-2 (E.D. Mo. Jan. 29, 2021).

In Kilburn, defendant moved to strike a claim for punitive damages because plaintiff had not sought leave to file such a claim, as required by § 510.261(5). Kilburn, 2021 WL 307550, at *1. The court noted that in Shady Grove Orthopedic Assocs., P.A. v. Allstate Insurance Company, 559 U.S. 393 (2010), the Supreme Court instructed that "[a] federal court exercising diversity jurisdiction should not apply a state law or rule if (1) a Federal Rule of Civil Procedure 'answer[s] the same question' as the state law or rule and (2) the Federal Rule does not violate the Rules Enabling Act." Id. (quoting Abbas v. Foreign Policy Grp., LLC, 783 F.3d 1328, 1333 (D.C. Cir. 2015) (quoting Shady Grove, 559 U.S. at 398-99)).

Addressing the first Shady Grove requirement, the court in Kilburn found that "[s]ection 510.261(5) and Rule 8 answer the same question – may a punitive damages claim be included in an initial complaint? – in opposite ways: § 510.216(5) answers the question 'no – never.' Rule 8 answers the question 'yes – always.' " Kilburn, 2021 WL 307550, at *2. As for the second Shady Grove requirement, the Kilburn court held that Rule 8 is valid under the Rules Enabling Act, 28

U.S.C. § 2072, because it "governs the pleading standard and content of a complaint" and thus "regulates procedure." Id. Finding, then, that § 510.261(5) meets both requirements provided in Shady Grove, the Kilburn court concluded that it should not apply § 510.261(5). Id. Other judges in this District to have considered the issue have adopted the reasoning in Kilburn and reached the same conclusion. See Anderson, 2021 WL 3525165, at *7, Bartek, 2021 WL 4523075, at *1, Gaydos, 2021 WL 4963523, at *2-3. The Court adopts their reasoning and conclusions.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant United Recovery and Remarketing, LLC's Motion to Strike Plaintiff's Prayer for Punitive Damages [15] is **DENIED.**

Dated this 5th day of May, 2022.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**