## THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| CAMILLE RYAN, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 4:21-cv-1324 |
| | ) |
| UNITED RECOVERY AND REMARKETING, LLC | ) |
| | ) |
| & | ) |
| | ) |
| EMVLP II, LLC | ) |
| | ) |
| Defendant. | ) |

### PLAINTIFF CAMILLE RYAN'S MEMORANDUM IN OPPOSITION TO DEFENDANT EMVLP II, LLC'S MOTION TO COMPEL

COMES NOW, Plaintiff, Camille Ryan, by and through the undersigned counsel, and for her Memorandum in Opposition to Defendant EMVLP II, LLC's Motion to Compel, states to this Court as follows:

### INTRODUCTION

Plaintiff filed suit against EMVLP II, LLC and United Recovery and Remarketing, LLC for the illegal repossession of Plaintiff's vehicle. At the time of the repossession, Defendants did not have a present right of possession, and therefore could not take the vehicle because Defendants had not provided Plaintiff with a Notice of Default and Right to Cure and did not have permission to enter upon Plaintiff's private property. Defendant EMVLP II, LLC has violated the Fair Debt Collection Practices Act, Missouri Merchandising Practices Act, Missouri Repossession Statute, UCC Article 9, as well as committed conversion at common law.

The present matter before the Court arises out of Defendant EMVLP II, LLC's ("EMVLP") First Set of Interrogatories Directed to Plaintiff and EMVLP's First Requests for Production Directed to Plaintiff. After responding timely to EMVLP's discovery requests, EMVLP sought to discuss some of Plaintiff's objections. During this discussion, EMVLP's counsel requested that Plaintiff amend her discovery responses to notate that no documents were being withheld. Plaintiff did so as to the outstanding discovery disputes except for those seeking Plaintiff's tax returns and bank transactions. Defendant EMVLP now has filed a Motion to Compel discovery responses on several Interrogatories and Requests for Production, despite its knowledge that the only documents withheld are related to Plaintiff's tax documents and that its requests are largely invalid.

## **STANDARD**

Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of discovery as those documents and information, "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefits." In assessing the parties' relative access to relevant information, it is common for "information asymmetry" to exist, wherein an individual plaintiff typically has little information, while the other party has vast amount of information, including information that can be readily retrieved and information that is more difficult to retrieve. Fed. R. Civ. P. 26(b)(1) advisory committee's notes to 2015 Amendment. In practice, such a circumstance often means that the burden lies heavier on the party who has more information, and properly so. *Id*. This Court is granted wide discretion in handling pretrial discovery. *Chavis Van & Storage of Myrtle Beach, Inc. v. United Van Lines,*

*LLC*, 784 F.3d 1183, 1198 (8th Cir. 2015), citing *United States ex rel. Kraxberger v. Kan. City Power & Light Co.*, 756 F.3d 1075, 1082 (8th Cir.2014).

## ARGUMENT

**I.    Defendant EMVLP's Request for Production 6, 19, 20, 21, and 22 and Interrogatory 9 are overbroad in that they are not limited to the present action.**

  EMVLP has made several discovery requests that are entirely unlimited by either scope or time. Numerous requests would implication documents and responses that have absolutely nothing to do with this matter. Moreover, EMVLP, as a corporation, is much more likely to have all documents possibly relating to this matter than Plaintiff, an individual. Corporations, like EMVLP are very likely to have documents and information stored as a common pattern and practice. An individual, like Plaintiff, does not have the same access. The existence of information asymmetry in this matter does not give EMVLP the right or authority to make unduly broad requests. EMVLP seeks information that is not discoverable throughout many of its requests yet is the only party likely to have such information.

  EMVLP requests all audio or video recordings of any employee or representative of State Farm and/or EMVLP II, LLC (Defendant EMVLP's Request for Production 6; ECF Doc. 26-1); any correspondence from any State Farm Bank or EMVLP's representative in the possession of Plaintiffs or their attorneys, not produced to Plaintiffs by the attorneys for EMVLP in this case (Defendant EMVLP's Request for Production 22; ECF Doc. 26-1); and if Plaintiff has any audio or video recordings of State Farm and/or EMVLP, II, LLC employees or representatives (Defendant EMVLP's Interrogatory 9; ECF Doc. 26-2). Similarly, EMVLP's Requests for Production 19, 20, and 21 seek request information pertaining to State Farm Bank and/or EMVLP, II, LLC. (ECF Doc. 26-1). EMVLP has not limited these requests to the allegations of Plaintiff's Complaint, Defendants' Answers, the repossession, or to this action. As written, these encompass

any document ever received by Plaintiff from State Farm or EMVLP regardless of the purpose of the communication. These requests presently would include documents completely unrelated to Plaintiff as they even seek all documents in Plaintiff's attorney's possession. These unrestricted requests are not valid.

Furthermore, EMVLP argues that it is impossible to know "whether any of its representatives have been clandestinely recorded" despite Plaintiff clearly advising in amended responses that no documents were being withheld in an attempt to work through the discovery disputes. Such an argument is made only to imply bad action on the part of Plaintiff when it is clear none has occurred. This argument should be entirely disregarded. Plaintiff will provide an updated response to Request for Production 2 and Interrogatory 4.

**II.     Defendant EMVLP's Request for Production 4 is improper as it is so vague that Plaintiff's counsel's mental impressions would be revealed if forced to provide a response.**

EMVLP seeks all Plaintiff's documents that could support Plaintiff's contention that the repossession of her vehicle was not lawful (Defendant EMVLP's Request for Production 4; ECF Doc. 26-1). First, this request is completely unlimited in what it is requesting. To provide any and everything that Plaintiff and her counsel may deem a supporting document would impermissibly invade on the mental impressions of Plaintiff's counsel. The Case Management Order in this matter requires exhibits to be provided to opposing counsel twenty days prior to trial. At that point, Plaintiff's counsel will be required provide all documents Plaintiff intends to use to support her contentions against EMVLP. EMVLP cannot require Plaintiff to do so sooner with its open ended, un-tailored question. EMVLP should be required to identify the nature or content of the documents it seeks, rather than propound a vague question that requires inferences from Plaintiff and Plaintiff's counsel that EMVLP is not entitled to be privy to at this juncture.

**III.     Plaintiff's federal tax returns, state tax returns, and banking transactions are irrelevant as nothing discovered therein would impact the question of whether Defendant sent Plaintiff a Notice of Default and Right to Cure, or Plaintiff's damages.**

Defendant EMVLP sought Plaintiff's tax returns both federally and at the state level for 2017, 2018, 2019, and 2020, as well as her personal and business banking transactions from January 2018 to present.[1](ECF Doc. 26-1). Plaintiff objected to the requests for her tax records as irrelevant because she has not made a claim for lost wages, nor does her claim in any way involve her employment. Plaintiff objected to the production of her banking transactions from January 1, 2018, to the present as her bank transactions bear no weight on either liability or damages incurred by Plaintiff in this matter.

A public policy against the unnecessary public disclosure of tax returns exists because of "the need, if the tax laws are to function properly, to encourage taxpayers to file complete and accurate returns." *Schoenbaum v. E.I. Dupont de Nemours & Co.*, No. 4:05CV01108 ERW, 2009 WL 249099, at *1 (E.D. Mo. Feb. 2, 2009), citing *Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir.1975). Federal courts generally resist the discovery of tax returns without a showing of good cause. *Sowers v. Gatehouse Media Mo. Holdings, Inc.*, No. 4:08-CV-633 (TIA), 2009 WL 1106946, at *1 (E.D. Mo. Apr. 23, 2009), citing *Premium Serv. Corp. v. Sperry Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975); *Taylor v. Atchison, Topeka and Santa Fe Ry. Co.*, 33 F.R.D. 283, 286 (W.D. Mo. 1962).

In determining whether disclosure of tax returns is appropriate, the court must determine first if the tax returns are relevant, and if so, then the court must determine if there is a compelling

---

[1] Defendant EMVLP's Memorandum in Support of Its Own Motion to Compel states its request as seeking Plaintiff's personal/business banking transactions from January 2020 to present, yet its own Exhibit A includes the request seeking January 1, 2018 to present.

need for the returns because the information contained therein is not otherwise readily obtainable from another source. *Sowers v. Gateshouse Media Mo. Holdings, Inc.*, No. 4:08-CV-633 (TIA), 2009 WL 1106946, at *3, citing *A. Farber Partners, Inc. v. Garber*, 234 F.R.D. 186, 191 (C.D. Cal. 2006). When examining whether there is a compelling need for this information, whether confidentiality can be maintained through a protective order is irrelevant to the analysis. *E.E.O.C. v. Ceridian Corp.*, 610 F. Supp. 2d 995, 997 (D. Minn. 2008).

EMVLP has not shown that the tax returns are relevant, and thus fails the first prong of the test. EMVLP's sole contention as to why these tax returns and banking records are relevant is that this will show whether Plaintiff had an ability to pay for her vehicle. This is entirely irrelevant, though. EMVLP did not send a Notice of Default and Right to Cure, as is required before a car may be repossessed. Regardless of whether Plaintiff was completely caught up on her payments, or if she had not made a payment since she financed the vehicle, a Notice of Default and Right to Cure is mandatory before a vehicle can be repossessed. There is no grey area wherein EMVLP could repossess the vehicle without this notice, no matter the status of the account. Defendant contends a proper Notice of Default was mailed and received by Plaintiff. Plaintiff's tax returns and bank records would in no way lead to the discovery of evidence proving or disproving that this letter was sent. To allow the disclosure of four years of tax returns without a compelling reason violates public policy.

Moreover, even assuming, *arguendo*, Plaintiff's finances in relation to Defendant are deemed relevant, there is no compelling need for the tax returns, and thus Defendant fails the second prong of the test. The alleged purpose of EMVLP in requesting such documents could be discovered through other, less invasive means. Plaintiff has already provided EMVLP with her EMVLP transaction history, her payment receipts, and her loan servicing documents. These

documents clearly show what payments were due and what payments were made. These documents give all relevant information pertaining to Plaintiff's finances in this matter. Even so, if Plaintiff's income were to be deemed relevant, which Plaintiff strenuously argues is not, Plaintiff's wages could be sought through a W-2 or paystub. Demanding her entire tax return is a gross invasion of her privacy for no valid reason. Furthermore, EMVLP has not attempted to construct a reason as to why it would require both state and federal tax returns. All allegedly pertinent information gleamed from one would be provided in the other. EMVLP has not given a colorable reason as to why the tax returns are needed over another source of information.

EMVLP's request for Plaintiff's banking transactions is comparatively irrelevant. Again, whether or not Plaintiff was up to date on her payments does not impact the liability or damages in this case and not in dispute. Again, even if it was relevant, Plaintiff already provided her EMVLP transaction history, her payment receipts, and her loan servicing documents. There is no possible banking record of Plaintiff's that would lead to the discovery of evidence making it more or less likely that EMVLP sent a Notice of Default and Right to Cure. If her payments were relevant, EVMLP already has been given all relevant documents, in addition to the fact that it very likely has this information already.

Additionally, a request seeking banking records for every one of Plaintiff's transaction for four and a half years is grossly overbroad and not proportionate to the needs of the case. This request would include each and every purchase Plaintiff made over a four-year period, from a pack of gum to a Netflix subscription. While Plaintiff has had to suspend her right to privacy in part to pursue this action, requiring such disclosures would be unnecessarily invasive and burdensome. Any information discovered through four years and six months of banking transactions would only

provide irrelevant information that would lead to the discovery of more irrelevant and inadmissible information.

Plaintiff's tax returns and banking transactions are not relevant to this matter. The status of Plaintiff's account with EMVLP is not in question and her banking statements and tax returns will not lead to the discovery of any information that makes a material fact more or less probable. Plaintiff quite literally could have made any amount of money in the past four years, and it would not impact whether or not EMVLP provided Plaintiff with a Notice of Default and Right to Cure and waited the required time before a present right of possession accrued. Even if her payment history was pertinent, alternative documents have already been provided.

## **CONCLUSION**

Defendant has requested that Plaintiff be compelled to respond to discovery that is improper in its scope and that seeks irrelevant information. Defendant must first amend its vague and overreaching requests before Plaintiff can properly respond. Additionally, Plaintiff's tax returns and banking transactions are irrelevant as they do not impact whether EVMLP had a present right of possession to the vehicle nor to Plaintiff's damages as she has not made a claim for lost wages. Even if they did, EMVLP has already been provided with all documents pertinent to her payment history with EMVLP.

WHEREFORE, Plaintiff respectfully requests this Honorable Court Deny Defendant's Motion to Compel Discovery and for all such other relief this Court deem just and proper.

Dated June 1, 2022

        Respectfully Submitted,

        **SPARKS LAW FIRM**

By:    /s/ Samantha J. Orlowski
        Samantha J. Orlowski, #72058
        2025 Zumbehl Road, #102
        St. Charles, Missouri 63303
        P: (636) 373-9375
        E: sam@sparks-legal.com
        Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

    I, Samantha J. Orlowski, hereby certify that on June 1, 2022, the above document will be sent via this Court's CM/ECF system to all counsel of record.

        /s/ Samantha J. Orlowski