UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CAMILLE RYAN, ) | |
| ) | |
| Plaintiffs, ) | |
| vs. ) | Case No. 4:21-CV-01324 JAR |
| ) | |
| ) | |
| UNITED RECOVERY AND ) | |
| REMARKETING, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiff brings this action against Defendants United Recovery and Remarketing, LLC and EMVLP II, LLC ("EMVLP") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 692 et seq. ("FDCPA") (Count I); the Missouri Merchandising Practices Act, ("MMPA"), R.S. Mo. §407.010 et seq. (Count II); Conversion (Count III); R.S. Mo. § 408.555 (Count IV); and UCC Article 9 Section 400.9 – 625(a) (Count V). Plaintiff alleges Defendants illegally repossessed her vehicle without giving her notice of default and right to cure.

This matter is before the Court on EMVLP's motion to compel. (Doc. No. 26). EMVLP seeks all communications between EMVLP and Plaintiff; all audio or visual recordings of any employee or representative of State Farm Bank and/or EMVLP; and any correspondence from any State Farm Bank or EMVLP representative not produced to Plaintiff by Defendants' counsel. (See EMVLP's requests for production (RFP) numbers 2, 6, and 22; EMVLP's interrogatories 4 and 9). Plaintiff objects on the grounds that this information is equally available to EMVLP since it would have been a party to any correspondence or communication.

1

Courts have "unambiguously stated" that an objection that the information sought is equally available to the propounding party from its own records is not a proper objection. St. Paul Reinsurance Co. v. Commer. Fin. Corp., 198 F.R.D. 508, 514 (N.D. Iowa 2000) (plaintiffs' objection that the information and documents sought are equally available to the propounding parties from their own records or from records which are equally available to the propounding parties is a "meritless" basis for objection); see also Charter Pracs. Int'l, LLC v. Robb, No. 3:12CV1768 RNC, 2014 WL 273855, at *2 (D. Conn. Jan. 23, 2014) ("This objection is insufficient to resist a discovery request."); City Consumer Services v. Horne, 100 F.R.D. 740, 747 (D. Utah 1983) (it is "not usually a ground for objection that the information is equally available to the interrogator or is a matter of public record"); Petruska v. Johns-Mannville, 83 F.R.D. 32, 35 (E.D. Pa. 1979) (same); 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2014 (3rd. ed. 2010) (same). Accordingly, Plaintiff's objection on these grounds will be overruled.

As for EMVLP's requests for production of audio or video recordings of its employees or representatives, Plaintiff has represented that no such documents are being withheld and amended her responses to Defendants' discovery requests to that effect at EMVLP's request. The Court has no reason to doubt the veracity of Plaintiff's assertion and denies EMVLP's motion on this point.

In RFP 4, EMVLP requests all documents supporting Plaintiff's contention that her vehicle was illegally repossessed. Plaintiff objects on the grounds that this request is overbroad and that any documents in her possession regarding the alleged illegal repossession are equally accessible to EMVLP since its agent conducted the repossession. As noted above, this is not grounds for objection. Moreover, this type of "contention" request is an attempt to clarify the basis of an opposing party's claims and is permissible. See Burnett & Morand Partnership v.

2

Estate of Youngs, No. 3:10–CV–3–RLY–WGH, 2011 WL 1237950, at *2-3 (S.D. Ind. Apr. 4, 2011) (finding contention requests for production appropriate "to bring to light the parties' position in an informed and controlled manner that winnows down the resolution of a dispute"). Plaintiff argues that producing the documents responsive to this request would impermissibly invade on her counsel's mental impressions. Plaintiff's general work product objection lacks merit given the initial disclosure requirement in Rule 26(a)(1)(A)(ii) which requires a party early on to provide a copy, or a description, of all documents in the party's possession which the party may use in support of its claims or defenses. In any event, Plaintiff has now amended her response to RFP 4 to indicate that no documents responsive to this request are being withheld. The Court has no reason to doubt the veracity of Plaintiff's assertion and denies EMVLP's motion on this point.

In RFPs 18, 19, 20, 21, EMVLP seeks documents related to the sale or purchase of the subject vehicle; documents in the possession of Plaintiff or her attorneys that were authored or prepared by a representative of State Farm Bank or EMVLP but not produced to Plaintiff by Defendants' attorneys; and documents in the possession of Plaintiff or her attorneys that are related to Defendants' procedures but not produced to Plaintiff by Defendants' attorneys. Plaintiff objects on the grounds that this information is equally available to EMVLP and argues they are overbroad in that they are not limited to the present action.

At EMVLP's request, Plaintiff amended her discovery responses to add the following language to her objections to RFPs 18-21: "Plaintiff is not withholding any documents related to this request." EMVLP now contends this language is inadequate to assure that Plaintiff will have a continuing duty to supplement her responses and asks the Court to overrule her objections to these RFPs. (Doc. No. 27 at 1 n.1). The parties are certainly aware that the Federal Rules of Civil Procedure contemplate that discovery responses will be supplemented where the party learns that

3

the initial response to the request was incomplete. Fed. R. Civ. P. 26(e)(1)(A). Indeed, Plaintiff has indicated she will provide updated responses to RFP 2 and Interrogatory 4. (Doc. No. 28 at 4). The Court therefore finds no basis for overruling Plaintiff's objections on these grounds and denies EMVLP's motion as to RFPs 18-21.

Lastly, EMVLP requests Plaintiff's federal and state tax returns for 2017-2020[1] as well as records of her personal and business banking transactions from January 1, 2018 to the present. (See EMVLP's request for production numbers 5, 26, 27, 28). Plaintiff objects on relevance grounds as she is not asserting a claim for lost wages. EMVLP argues these records are relevant to establishing whether Plaintiff could pay for her vehicle. Plaintiff argues that her tax returns and bank records would not lead to discovery of evidence tending to prove or disprove the key issue in this case, i.e., whether Defendants sent her a proper notice of default and right to cure. And even if the Court were to find her tax returns and banking records relevant, Plaintiff argues there is no compelling need because she has already provided Defendants with her transaction history, payment receipts, and loan servicing documents, all of which clearly show what payments were due and what payments were made.

As the party seeking production, EMVLP must demonstrate that the tax returns and banking records are relevant. If so, it must then show a compelling need for the information. Sowers v. Gatehouse Media Missouri Holdings, Inc., No. 4:08CV633 TIA, 2009 WL 1106946, at *1 (E.D. Mo. Apr. 23, 2009). The Court finds EMVLP has not established that Plaintiff's tax returns are relevant to determining whether the repossession of Plaintiff's car was done in compliance with R.S. Mo. 408.555; the status of her account with EMVLP is not at issue. Further, Plaintiff has provided EMVLP with other documents from which Plaintiff's payment

---

[1] EMVLP's request for production 5 asks for Plaintiff's federal and state tax returns for 2017-2020; its requests for production 26 and 27 ask for those tax returns for 2018-2020. (Doc. No. 26-1).

4

history can be discerned. The Court therefore sustains Plaintiff's objections and denies EMVLP's motion as to RFPs 5, 26-28.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant EMVLP's motion to compel [26] is **GRANTED in part** and **DENIED in part** in accordance with the rulings herein.


Dated this 27th day of June, 2022.

                                                           _____
                                                           JOHN A. ROSS
                                                           UNITED STATES DISTRICT JUDGE